IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-01355-CNS-KAS

STEPHEN THEODORE GLADSTONE,

    Plaintiff,

v.

KRISTEN TARRIN,

    Defendant.

---

## ORDER

---

Before the Court is Defendant's fully briefed Motion to Dismiss Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 73, 76, 79. The Court GRANTS Defendant's motion.

### I.    SUMMARY FOR PRO SE PLAINTIFF

You have filed a lawsuit against Defendant. Because Defendant is a child legal representative, and your claims are based on her work as a child legal representative, the Court dismisses your claims for lack of jurisdiction.

### II.    ANALYSIS

Defendant moves to dismiss on two primary bases:

- The Court lacks subject matter jurisdiction because she is not a state actor, and therefore dismissal under Rule 12(b)(1) is proper; and

1

- Plaintiff fails to state plausible claims against her, and therefore dismissal under Rule 12(b)(6) is proper.

*See generally* ECF No. 73. Because the Court agrees with Defendant that, based on Defendant's status as a child legal representative and the nature of Plaintiff's 42 U.S.C. § 1983 claims, dismissal under Rule 12(b)(1) is proper. *See* ECF No. 73 at 2. Accordingly, the Court declines to consider Defendants' Rule 12(b)(6) arguments as to the plausibility of Plaintiff's claims.

Plaintiff alleges the following in his Amended Complaint and its attached "Statement of Claims":

- "Defendant . . . acted under color of state law as a Court-Appointed Child Legal Representative. She submitted reports based on hearsay, committed perjury, omitted favorable evidence, and moved to quash subpoenas seeking evidence of therapist misconduct and material abuse," ECF No. 14 at 4; and

- "From August 27, 2024, to present, Defendant . . . acted under color of state law as a Court-Appointed Child Legal Representative . . . in [Plaintiff's] custody case in Summit County, Colorado," ECF No. 14-1 at 1.

Based on these allegations, Plaintiff asserts constitutional claims under § 1983. *See* ECF No. 14 at 4 ("Claim 1 – Violation of Procedural Due Process (Fourteenth Amendment; 42 U.S.C. § 1983)"); ECF No. 14-1 at 1 (asserting the same claim); *id.* at 2 ("Claim 2 – Retaliation for Protected Speech (First and Fourteenth Amendments, U.S. Constitution" (citation modified)); ECF No. 76 at 4 (stating that "Retaliation for Protected Speech" claim is "an actional retaliation [claim] under § 1983").

However, the Court agrees with Defendant that—even accepting these allegations as true, and providing them with a liberal construction based on Plaintiff's *pro se* status—

2

Plaintiff has not pleaded factual information that provides the Court with jurisdiction over Plaintiff's claims. *See* ECF No. 73 at 7; *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274–75 (10th Cir. 2023); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While Plaintiff alleges that Defendant is a state actor and that her conduct "satisfies the § 1983 state-action requirement," ECF No. 76 at 3; *see also* ECF No. 14 at 4, there is no basis to support this conclusory statement. And absent such a basis, while Plaintiff may allege and reiterate that Defendant is a state actor, saying this does not make it so.

Fundamentally, Defendant is a child legal representative and not a state actor under § 1983. In the words of the Tenth Circuit, "a [child legal representative] [does] not act[] under color of state law for purposes of § 1983." *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986); *see also Gamble v. Carlton*, 211 F.3d 1278 at *2 (10th Cir. 2000) (table decision) (affirming district court's dismissal of child representative where appellant did not allege facts showing the representative "act[ed] under color of state law"). Numerous district courts in this judicial district and throughout the Tenth Circuit have reached the same conclusion. *See, e.g., Nichols v. Bd. of Cnty. Commissioners of the Cnty. of Adams*, No. 23–cv–00224–PAB–MEH, 2024 WL 729673, at *18 (D. Colo. Feb. 21, 2024); *Phan v. Volz*, No. 21–cv–00965–LTB–GPG, 2021 WL 2213229, at *3 (D. Colo. Apr. 15, 2021), *report and recommendation adopted*, No. 21–cv–00965–LTB–GPG, 2021 WL 2213253 (D. Colo. May 24, 2021), *aff'd*, No. 21-1199, 2022 WL 303321 (10th Cir. Feb. 2, 2022) ("In any event, as *guardian ad litem*, Defendant Jacobs is not otherwise subject to liability under § 1983 because he is not a state actor."); *Adams v. People of State of Colorado*, 176 F.3d 488 (10th Cir. 1999) ("[C]ourt-appointed representatives such

3

as attorneys or guardian ad litem are not acting under color of state law." (citation modified)).

At bottom, because Defendant was not acting under color of state law, Plaintiff has failed to plead facts that permit the Court to exercise jurisdiction over his claims, given Defendant is not a state actor under § 1983. *See, e.g.,* Fed. R. Civ. P. 12(b)(1); *Brown v. A Second Chance Bail Bonds*, No. 19–3253–SAC, 2019 WL 6726915, at *3 (D. Kan. Dec. 11, 2019) ("Because Plaintiff's complaint fails to sufficiently allege Defendants were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983." (citation modified)); *Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("To invoke jurisdiction under § 1983, [a plaintiff] must allege conduct under color of state law . . . . We conclude that the complaint failed to provide sufficient factual matter to allege that [a defendant] was a state actor; therefore, the federal courts lack jurisdiction over this claim." (citation modified)).

Accordingly, the Court dismisses Plaintiff's claims without prejudice, and the Court declines to consider Defendant's Rule 12(b)(6) arguments. *See, e.g., Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006) ("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim." (citation modified)). Coupled with the Court's dismissal without prejudice, which is based on Plaintiff's flawed allegations and arguments that Defendant is a state actor, the Court denies Plaintiff permission to amend his complaint. *See, e.g., Deloge v. Davis*, No. 21-8025, 2021 WL 6143719, at *2 n.3 (10th Cir. Dec. 30, 2021) ("District courts need not permit a plaintiff to amend his complaint to cure

4

jurisdictional defects when doing so would be futile even though the district court dismissed the claims without prejudice." (citation modified)); *Brereton*, 434 F.3d at 1219 ("[D]enial of leave to amend and dismissal with prejudice are two separate concepts." (citation modified)). Through his many filings, he has remained steadfast about Defendant's status as a state actor. Having resolved this issue, any amendment would be futile.

## III.  CONCLUSION

Consistent with the above analysis, the Court GRANTS Defendant's Motion to Dismiss Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 73. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE, and he is not granted permission to amend. And because the Court lacks jurisdiction over Plaintiff's claims, the Court DENIES AS MOOT Plaintiff's pending motions. ECF Nos. 35, 39, 42, 50, 51, 52, 61, 62, 67, 68, 70, 71, 73, 77, 83, 84, 85. It also DENIES AS MOOT Defendant's pending motion to strike. ECF No. 78.

DATED this 28th day of October 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

5